**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KATHLEEN FEE BAIRD, Individually, and
as Executrix of the Estate of THOMAS J.
FEE, Deceased,

      Plaintiff,

    vs.                             Civil Action No.:  2:20-cv-1971

ALEX M. AZAR, II, SECRETARY, U.S.
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

      Defendants.

### PLAINTIFF'S COMPLAINT IN DECLARATORY JUDGMENT

AND NOW, comes the Plaintiff, Kathleen Fee Baird, Individually, and as Executrix of the Estate of Thomas J. Fee, Deceased, by and through his undersigned counsel, Robert F. Daley, Esquire; Elizabeth A. Chiappetta, Esquire; and the law firm of Robert Peirce & Associates, P.C., and seeks declaratory relief against the Defendant, Alex M. Azar, II, Secretary, U.S. Department of Health and Human Services. In support thereof, the Plaintiff respectfully states:

1.     Plaintiff Kathleen Fee Baird is an adult individual residing in Lawrence County, Pennsylvania.

2.     Kathleen Fee Baird was appointed Administrator of the Estate of Thomas J. Fee on August 23, 2013.

3.     Kathleen Fee Baird is the daughter of Thomas J. Fee who passed away on August 7, 2013.

4.     Defendant Alex M. Azar, II is the Secretary of the United States Department of Health and Human Services, and is named in his official capacity. The United States Department of Health and Human Services ("HHS") is a federal agency, with its headquarters located in Washington, DC. HHS is responsible for the Medicare and Medicaid programs.

5.     This action is brought pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201(a). This Court has jurisdiction based upon the diversity of the parties, the amount in controversy, and a Federal Question.

6.     This action is brought pursuant to a Request for Escalation to Federal District Court, 42 C.F.R. §405.1132, followed by an appeal taken with the Medicare Appeals Council (M-17-7910; ALJ OMHA Appeal No. 1-5763484026), which has been pending since 2017.

7.     The allowance for escalation to Federal District Court was received by counsel for Plaintiff on or about October 19, 2020.

8.     Venue was properly laid in this District pursuant to 28 U.S.C. § 1391(a), as the events underlying this action took place in this District, and the Plaintiff resides in this District.

9.     The amount in controversy is greater than $1,670.00, pursuant to 42 C.F.R. §405.1132, et seq.

## SUMMARY OF THE ACTION

10.     During the time period of July 27, 2013 until August 3, 2013, Thomas J. Fee received medical care at Jameson Memorial Hospital, among other medical providers.

11.     Medicare allegedly paid medical bills associated with the treatment Mr. Fee received.

12.     On February 17, 2015, the Plaintiff sent a letter of representation to Greer House for the injuries and untimely death of Mr. Fee. Mr. Fee had sustained many human bite marks all over his body and was found unresponsive in his room on or about July 27, 2013 while a resident at the Defendant's facility. Mr. Fee never regained consciousness and died on August 7, 2013.

13.     Mr. Fee's estate and Greer House came to an amicable resolution of this matter prior to filing suit.

14.     A confidential monetary settlement was reached on June 23, 2015.

15.     Pursuant to the settlement reached with Greer House, Ms. Fee, by and through her undersigned counsel, began an investigation into a subrogation interest held by Medicare based on 42 U.S.C. §1395(y), and conditional payment summaries were sent to counsel for Plaintiff.

16.     Pursuant to 42 U.S.C. § 1395(y), any payments Medicare made as a secondary payor on Thomas J. Fee's behalf to Jameson Memorial Hospital and/or other medical providers, following his injuries at Greer House, would qualify as conditional payments that required reimbursement from settlement funds.

17.     Any settlement received by the Plaintiff would be considered a primary payment; however, payment made by Medicare as a secondary payor would require reimbursement.

18.     Under 42 C.F.R. § 411.24(h), the Plaintiff is required to reimburse Medicare for any conditional payments, minus a procurement cost reduction, within sixty days of receipt of a primary payment.

19.     At or around the time of settlement, Plaintiff is required to inquire as to the final demand, or the final amount, owed to Medicare, minus the procurement cost reduction.

20.     Under 42 C.F.R. § 411.37(e)(1), the Plaintiff is required to pay Medicare the lesser of either Medicare's conditional payment on Mr. Fee's behalf, or the total settlement amount, minus procurement costs.

21.     On May 17, 2016, the Plaintiff received the settlement proceeds from Greer House.

22.     To comply with her statutory duty, the Plaintiff and her counsel undertook a continuing course of action to contact the Centers for Medicare and Medicaid Services ("CMS"), to obtain an accurate amount required to be reimbursed to Medicare. The procedural history is as follows:

  a. Prior to the settlement of this matter, Plaintiff's counsel corresponded with CMS in order to obtain all information related to a claim for reimbursement held by Medicare against any settlement;

  b. Throughout the litigation of this matter, Medicare's interests totaled Zero Dollars;

  c. However, after settlement, but before a Final Demand was sought, a Payment Summary Form was returned to Plaintiff's counsel totaling $10,888.37 for conditional payments owed by the Estate of Thomas Fee;

  d. A Final Demand was then requested, dated January 13, 2016 but received on January 28, 2016, in the amount of $6,437.42;

  e. However, many of the charges listed are not related to Plaintiff's litigation and should not be repayable to Medicare;

  f. To avoid interest payments being charged, Plaintiff promptly paid the Final Demand amount while she prepared an appeal;

g.      Plaintiff then sent an appeal to Medicare, claiming that she was being charged for items unrelated to Mr. Fee's injuries and damages;

h.      In Plaintiff's appeal, she alleges that the amount of reimbursement should be $8,96.52;

i.      CMS denied Plaintiff's request for appeal in correspondence dated March 30, 2016;

j.      Plaintiff then filed a Request for Reconsideration with Maximus, the appointed contractor to review appeals for CMS, in correspondence dated September 28, 2016;

k.      Maximus partially denied Plaintiff's Request for Reconsideration in correspondence dated November 23, 2016;

l.      Plaintiff then appealed to an Administrative Law Judge in correspondence dated January 17, 2017;

m.      A telephonic hearing occurred in front of the Honorable Sharon Turner on April 11, 2017;

n.      Following the hearing in front of Judge Turner, a partially favorable decision was rendered on May 4, 2017;

o.      Plaintiff then sought ALJ Decision Review with the Medicare Appeals Council;

p.      On or about August 9, 2017, the Department of Health and Human Services Medicare Appeals Council sent correspondence to counsel for Plaintiff indicating that the ALJ Decision Review had been received by the Appeals Council but given their workload, it may be several months before a decision is rendered;

q.      Since the August 9, 2017 correspondence, counsel for Plaintiff has not received any notifications from the Medicare Appeals Council, but has instead been forced to check the status of the ALJ Decision Review on an online portal, called MOD E-File;

r.    Counsel for Plaintiff has checked the online portal (MOD E-File) on the following dates, and the status has been listed as "pending" each and every time:

1. July 6, 2018;

2. August 23, 2018;

3. October 16, 2018;

4. February 22, 2019;

5. March 26, 2019;

6. April 25, 2019;

7. July 24, 2019;

8. August 19, 2019;

9. October 24, 2019;

10. December 3, 2019

s.    Because of the delays, Plaintiff wrote to the Medicare Appeals Council seeking an escalation to Federal District Court, which was granted on October 13, 2020, and received by Plaintiff's counsel on October 19, 2020;

t.    Plaintiff has been unable to finalize the estate for Decedent based on the Medicare Appeals Council's delays;

u.    Plaintiff is required to exhaust all administrative remedies prior to filing suit; however, based on the lengthy and inexplicable delays by the Department of Health and Human Services and Medicare Appeals Council, Plaintiff now considers the administrative remedies putatively exhausted, and this suit is ripe and proper.

23.    CMS has not promptly responded to Plaintiff's request for ALJ Decision Review and at this stage it is impossible for Plaintiff to properly close out the Decedent's estate or to

know where she stands in the administrative appeals process, based on an appeal started over three (3) years ago. Accordingly, Plaintiff's request for escalation to Federal District Court was sent to the Medicare Appeals Council, and permission was given for this suit to be filed.

**REQUEST FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201, *et seq.***

24.      The Plaintiff repeats and re-alleges the preceding paragraphs, and incorporates them by reference herein.

25.      Plaintiff's rights are affected by both 42 U.S.C. § 1395y, *et seq.* and 42 C.F.R. § 411.24, *et seq.*, and accordingly, pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.*, is entitled to a declaration of her rights.

26.      As shown by the aforementioned facts, there exists an actual, substantial, justiciable controversy between the Plaintiff and the Defendant.

27.      As shown by the aforementioned facts, the Plaintiff has putatively and constructively exhausted all administrative remedies available for the protection of her rights.

28.      Alternatively, the administrative remedies available to Plaintiff at this juncture, if any, will prove to be futile, as Plaintiff has little to no confidence in CMS and its agencies, based on the over two-year delay to simply review an ALJ's decision.

29.      As shown by the aforementioned facts, considerations of practicality and wise judicial administration favor declaratory relief.

30.      The Plaintiff respectfully requests that this Court declare that pursuant to both 42 U.S.C. § 1395y and 42 C.F.R. § 411.24:

     a.     CMS/Medicare Appeals Council has not promptly or even justifiably acted on Plaintiff's request for ALJ Decision Review;

     b.     In an effort to check on the status of the ALJ Decision Review, a representative of the Plaintiff has over a span of over two years, checked an online portal on her own volition, and correspondence and updates from the Appeals Council has been non-existent;

     c.     CMS/Medicare Appeals Council has unreasonably and unnecessarily delayed the Plaintiff in completing her settlement distributions and winding up of the Decedent's estate and complying with her statutory duty;

     d.     Furthermore, because of CMS/Medicare Appeals Council's delays, the Plaintiff is precluded from finalizing distribution of the Decedent's assets, assuming there might be a refund from the claimed-of grievances in the ALJ Decision Review at issue.

31.     Due to the Defendant's repeated failure to provide the necessary information for the Plaintiff to fulfill her statutory duty, the Plaintiff asks for a declaration that her duty is discharged, and the Defendant must accept Plaintiff's calculation of reimbursement in the amount of $896.52, or alternatively, must refund Plaintiff the final demand amount of $6,437.42.

32.     In the alternative, the Plaintiff asks for a declaration in as prompt a fashion as possible, as to whether the ALJ's Decision Review was correct, and allow the parties to litigate this action in the Western District of Pennsylvania, such that Plaintiff will be apprised and provided with an understanding as to why her ALJ Decision Review was accepted and/or not accepted, and allowing the parties to litigate this issue in front of this Honorable Court.

WHEREFORE, the Plaintiff demands judgment in her favor, and against the Defendant, Alex Azar, II,  Secretary, U.S. Department of Health and Human Services, providing the Plaintiff with a refund of the payment to Medicare in the amount of $6,437.42, declaring Plaintiff's

calculated amount of $896.52 is prevailing, or alternatively, declaring that Plaintiff's appeal from

the line-item charges on the Final Demand be litigated before this Honorable Court, deeming all

administrative remedies as exhausted, and Plaintiff requests reimbursement for attorneys' fees,

costs and interest associated with the cost of this action, as well as any "further necessary or

proper relief based on a declaratory judgment", pursuant to 28 U.S.C. § 2201 of the Declaratory

Judgment Act.

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By: /s/ Elizabeth A. Chiappetta, Esquire
    ELIZABETH CHIAPPETTA, ESQUIRE
    Pa. I.D. No.: 205736
    echiappetta@peircelaw.com

By: /s/ Robert F. Daley, Esquire
    ROBERT F. DALEY, ESQUIRE
    Pa. I.D. No.: 81992
    bdaley@peircelaw.com

Firm I.D. No.: 839
707 Grant Street
Suite 125
Pittsburgh, PA 15219
(412) 271-7229
